## States v. Pappas.

*Assumpsit—Affidavit of defence—Sufficiency of affidavit—Trial—Evidence—Averments of affidavit not denied—Offering affidavit of defence in evidence.*

1. Where, in an affidavit of defence, answers are made consecutively to the averments of the paragraphs of the statement of claim by simple admission or denial, followed by another paragraph which sets forth sufficiently a defence to the claim, and the plaintiff upon trial offers the paragraph containing admissions and simple denials, the defendant is entitled to offer the paragraph setting forth the defence in detail.

2. Where, in such case, the plaintiff relies upon the admissions in the affidavit of defence, he must produce the whole affidavit to the court.

3. If the affidavit of defence in its entirety sets forth a full defence, but essential parts are not admitted in evidence, and the verdict is for the plaintiff, judgment *non obstante veredicto* will not be entered, but a new trial will be granted.

Motions by defendant for judgment *non obstante veredicto* and for a new trial. C. P. Delaware Co., Dec. T., 1924, No. 388.

*H. G. Sweney,* for plaintiff; *A. D. McDade,* for defendant.

BROOMALL, J., Jan. 7, 1927.—The plaintiff filed a statement of claim, setting forth in numbered paragraphs in substance as follows:

No. 1 avers an oral agreement, by which the plaintiff agreed to build a building for the defendant.

No. 2 avers the contract price to be $22,000, with all additions, alterations and changes to the plans approved by the Department of Labor and Industry at Harrisburg, and made by the defendant, to be considered as extra.

No. 3 avers that the defendant, under the agreement, was to pay for all materials and labor as they were furnished and done, which were to be applied to the contract price of $22,000.

No. 4 avers that the difference between the amount paid by the defendant for materials and labor and the contract price of $22,000 should be paid to the plaintiff as his profit, but if this sum should be less than $1000, he has to receive the latter sum as compensation for his services as architect and builder.

No. 5 avers that the plans and specifications were approved by the Department of Labor and Industry at Harrisburg, and a permit was issued to the plaintiff by the Building Inspector of Chester for the right to build said building.

No. 6 avers that the plaintiff commenced the building on Nov. 3, 1924, and proceeded with its erection in accordance with the plans and specifications until Dec. 8, 1924.

No. 7 avers a rescission by the defendant.

No. 8 avers that the rescission was without probable cause.

No. 9 avers that the cost of completion would have been, per estimates, $18,045.

No. 10 avers that the plaintiff has received $350 on account.

No. 11 avers that the plaintiff's profits would have been $3955.

No. 12 avers a just debt of $3605 and a demand and refusal.

The defendant met this statement of claim with an affidavit of defence, in which he said to the several items of plaintiff's claim the word "denied," with the exception of the 5th and 7th, and to those he answered the word "admitted."

And then the affidavit proceeds to give his version of his relations with the plaintiff with respect to the subject-matter of the suit, and sets forth in substance as follows:

At the instance of the plaintiff, the defendant employed him orally to prepare plans for the building, with the condition that if they were satisfactory but the defendant decided not to build, he was to pay the plaintiff $100 therefor.

That the defendant informed the plaintiff that he did not desire to expend more than from $19,000 to $20,000 on the building, and that if the plans and contract for the building did not call for more than $20,000, he would proceed with arrangements to finance it.

After finishing the plans, the plaintiff estimated the cost to be from $18,000 to $20,000.

It was agreed between the plaintiff and defendant that the plaintiff was to superintend the construction of the building, from start to finish, at the compensation of $1000, payable at the rate of $50 per week.

The plaintiff entered upon the superintendence and employed labor for the work of construction.

The plaintiff was restricted from buying materials.

The plaintiff violated his agreement by inattention to the superintendence. He ordered materials; he ordered them at exorbitant prices; he hired labor at extravagant rates; he made mistakes in construction. All of this to the injury of the defendant, and, if continued, would have caused the said building to cost greatly more than $20,000.

States v. Pappas.

The defendant, consequently, discharged the plaintiff.

That there were no agreements between the parties other than as above set forth, and that the defendant owes the plaintiff nothing.

On the trial, the plaintiff put in evidence the clauses of his statement of claim, which were answered by the defendant by the word "denied" and rested. The defendant then offered to prove his defence as outlined in his affidavit. This he was not permitted to do, because having constructively admitted the plaintiff's claim by the failure to reply otherwise by a simple denial, he could not be permitted to antagonize his admission. In this we think there was error. The apparent constructive admission was qualified in the affidavit, where a defence is stated. The reasons for the denial are given. When a plaintiff relies upon the admissions of a defendant, he in effect says that nowhere in this affidavit is there any denial of plaintiff's claim. To support this, he must produce the whole affidavit to the court. When that is done in this case, it is seen that the plaintiff's averments of fact are denied by the defendant specifically. The defendant should have been allowed to go into his defence.

It follows that defendant's motion for a new trial must be allowed.

There is nothing in the Practice Act of May 14, 1915, P. L. 483, nor in the case of Buehler v. U. S. Fashion Plate Co., 269 Pa. 428, which contravenes this conclusion.

Accordingly, defendant's motion for a new trial is allowed and a new trial is awarded, and his motion for judgment n. o. v. is disallowed.